WOLLMUTH MAHER & DEUTSCH LLP
Timothy A. DeLange (State Bar No. 190768)
7053 Heron Circle
Carlsbad, CA 92011
Phone: (212) 382-3300
Fax: (212) 382-0050
tdelange@wmd-law.com

Fletcher W. Strong (*pro hac vice* forthcoming)
Nicholas A. Servider (*pro hac vice* forthcoming)
Artem A. Volynsky (*pro hac vice* forthcoming)
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
Fax: (212) 382-0050
fstrong@wmd-law.com
nservider@wmd-law.com
avolynsky@wmd-law.com

*Attorneys for HANSAINVEST Hanseatische Investment-GmbH*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Application of<br><br>HANSAINVEST Hanseatische Investment-GmbH,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 2:26-mc-114<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

HANSAINVEST Hanseatische Investment-GmbH ("Petitioner") respectfully requests an order in the form attached hereto permitting Petitioner to obtain limited discovery from MGA Entertainment, Inc. ("MGA") and Isaac E. Larian ("Larian" and together with MGA, "Respondents") pursuant to 28 U.S.C. § 1782 ("Section 1782") in connection with a proceeding pending in Nuremberg, Germany in which Petitioner is a party concerning, among other things, the fair value of shares of Zapf Creation AG ("Zapf") formerly held by Petitioner (the "German Proceeding"). In support of its application, Petitioner concurrently submits its Memorandum of Law, Declaration of Timothy A. DeLange ("DeLange Declaration"), and Declaration of Thorsten Leimeister ("Leimeister Declaration"). Petitioner further states as follows:

1. Petitioner seeks the assistance of this Court to obtain narrow, but important document and deposition discovery from Respondents pursuant to proposed document and deposition subpoenas attached to the DeLange Declaration as Exhibit A (MGA subpoena) and Exhibit B (Larian subpoena). Petitioner is seeking discovery related to the fair value of Zapf following MGA's acquisition of Zapf through MGA's German affiliate MGAE Deutschland Holding AG and the subsequent squeeze-out of minority shareholders. Following MGA's acquisition of the requisite amount of Zapf shares under German law, MGA announced a squeeze-out of the remaining minority shares, including the shares held by Petitioner. The fair value of Zapf and its associated shares is the subject of a *Spruchverfahren* proceeding the Nuremberg-Fürth Regional Court in Nuremberg, Germany (the "German Court").

2. As explained in the Leimeister Declaration, the discovery sought cannot be obtained in the German Proceeding, but the German Court will likely be receptive to discovery obtained in the United States relevant to the valuation of Zapf and related issues.

3. Section 1782 permits litigants in foreign proceedings to obtain

discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person.

28 U.S.C. § 1782.

4. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions, (1) Respondents are "found" in this District because they live and are headquartered in the District; (2) the requested discovery is "for use" in the German Proceeding; and (3) Petitioner is an "interested person" in that proceeding because it is a named party to the case.

5. This application also meets the discretionary factors of Section 1782 as explained further in Petitioner's filings because (1) Respondents are not participants in the German Proceeding; (2) German courts are receptive to judicial assistance from a U.S. court; (3) Petitioner is not attempting to circumvent foreign proof-gathering restrictions in Germany; and (4) the discovery sought from Respondents in the proposed subpoenas is not unduly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

6. The Petitioner therefore respectfully requests that this Court grant its *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding.

WHEREFORE, Petitioner respectfully requests that this Court enter the order submitted herewith:

1. Approving Petitioner's application for the requested discovery;

2. Permitting the issuance of the subpoenas to MGA and Larian substantially in the form in which they appear herein; and

3. Directing the Respondents to produce the requested documents in their possession, custody, or control, and submit to a deposition related to the deposition topics described in the subpoenas.

Dated: October 21, 2026

Respectfully submitted,
WOLLMUTH MAHER & DEUTSCH LLP

By: */s/ Timothy A. DeLange*

Timothy A. DeLange (CA State Bar No. 190768)
7053 Heron Circle
Carlsbad, CA 92011
Phone: (212) 382-3300
Fax: (212) 382-0050
tdelange@wmd-law.com

Fletcher W. Strong (*pro hac vice forthcoming*)
Nicholas A. Servider (*pro hac vice forthcoming*)
Artem A. Volynsky (*pro hac vice forthcoming*)
fstrong@wmd-law.com
nservider@wmd-law.com
avolynsky@wmd-law.com
500 Fifth Avenue
New York, NY 10110
Telephone: (212) 382-3300
Fax: (212) 382-0050

*Attorneys for HANSAINVEST Hanseatische Investment-GmbH*